Jae Hong Lee (SBN 242203)
Dechert LLP
Jae.lee@dechert.com
One Bush Street
Suite 1600
San Francisco, CA  94104-4446

Kimberly Branscome (SBN 255480)
Jay Bhimani (SBN 267689)
Allison Ozurovich (SBN 312797)
Dechert LLP
kimberly.branscome@dechert.com
jay.bhimani@dechert.com
Allie.ozurovich@dechert.com
US Bank Tower
633 West 5th Street, Ste. 4900
Los Angeles, CA  90071-2013

*Attorneys for Defendant*
*Atrium Medical Corporation*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVILA, HAZEL BENHAMED-MASRI, ALFREDO VEGA,<br><br>Plaintiffs,<br><br>v.<br><br>ATRIUM MEDICAL CORPORATION, and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. § 1441, *et seq.*, Defendant Atrium Medical Corporation removes to this Court from the Superior Court of the State of California for the County of Los Angeles the action captioned as "Jose Avila, et al., Case No. 20STCV34604." Atrium alleges as follows:

**Background**

1. On or about September 10, 2020, Jose Avila, Rachel Bates, Hazel Benhamed-Masri, Brian Benhardt, Nury Bernal, John Coco, Herman Curley, Claude Daniels, Raymond Ferrell, John Langley, Betty Lewis, Raymond Maki, James Nakashian, Alan Roseman, Alfredo Vega, and Randy Walker (collectively, "Original Plaintiffs") filed a Complaint[1] in the Superior Court of the State of California for the County of Los Angeles against Defendant Atrium Medical Corporation (hereinafter, "Atrium"). (Attached hereto as Exhibit 1.)  Atrium was served with a Summons (attached hereto within Exhibit 2) and the Complaint on September 16, 2020.

2. The Original Plaintiffs were sixteen individuals who brought claims against Atrium "to recover damages for injuries resulting from the failure to warn, design defect, manufacturing defect, negligence, negligent misrepresentation, fraud, and breach of implied and express warranties, by Atrium in the manufacture, promotion, marketing, distribution and sale of polypropylene mesh." (Compl. ¶ 4.)

3. Three Original Plaintiffs allegedly reside in California.  The other thirteen Original Plaintiffs (hereinafter, the "Nonresident Plaintiffs") allegedly reside in eleven different states, including one Original Plaintiff in New Hampshire.  (Compl. ¶¶ 7-22.)

4. On October 15, 2020, Atrium removed this case to this district court pursuant to 28 U.S.C. § 1441 and filed a motion to dismiss the case for lack of personal jurisdiction

---

[1] All citations to "Compl." refer to the Complaint filed in this action on September 10, 2020.

1
NOTICE OF REMOVAL

over Atrium. (Dkt. 1, 7.) Atrium argued that removal to this Court was proper because the Nonresident Plaintiffs (specifically, the one New Hampshire plaintiff) had been fraudulently joined in order to defeat diversity jurisdiction. Thus, Atrium requested that this Court dismiss the Nonresident Plaintiffs because the Court lacks personal jurisdiction over their claims pursuant to *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). On November 9, 2020, Original Plaintiffs moved to remand the case to the Superior Court. (Dkt. 10.)

5. After oral argument on November 23, 2020, this Court granted Original Plaintiffs' motion and remanded the case to Los Angeles County Superior Court. *Avila v. Atrium Medical Corp.*, 2020 WL 6940700 (C.D. Cal. Nov. 23, 2020) (Dkt. 16).

6. Once back in state court, Atrium moved to quash service of the summons for lack of personal jurisdiction with respect to the Nonresident Plaintiffs. (Ex. 3.) On May 28, 2021, the Los Angeles County Superior Court entered an order granting Atrium's motion, agreeing that the court lacked personal jurisdiction over the claims brought by the Nonresident Plaintiffs, including the only non-diverse New Hampshire plaintiff. (Ex. 4.)

7. In opposition to Atrium's motion, the Nonresident Plaintiffs argued that a choice of law provision in tolling agreements made Atrium subject to personal jurisdiction in California. (Ex. 5 at 5.) The court rejected this argument, stating: "[A] choice of law provision governing the law to be applied to the *dispute* is not dispositive on the issue of specific jurisdiction," let alone a choice of law provision that concerns only tolling agreements, and that tolling agreements are only "tangential[ly]" related to the facts giving rise to the causes of action "at best." (Ex. 4 at 2-4 (emphasis added).) The court therefore found no purposeful availment. (*Id.*)

8. Additionally, the court denied the Nonresident Plaintiffs' request to conduct additional jurisdictional discovery because the Nonresident Plaintiffs could not show that additional discovery was likely to produce any relevant, additional evidence that could establish personal jurisdiction over the Nonresident Plaintiffs. (*Id.* at 4.)

9. In light of the Superior Court's decision, the only claims remaining in this action are those of the three California Plaintiffs against Atrium.

10. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332(a). This Court has subject-matter jurisdiction over this action because there is the requisite diversity of citizenship between each properly joined plaintiff (*i.e.*, the three California resident plaintiffs) and Atrium, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Each Remaining Plaintiff and Atrium Have Diverse Citizenship**

11. Since the state court decision on Atrium's Motion to Quash, only three plaintiffs, who reside in California (hereinafter, the "California Plaintiffs"), remain. As discussed below, the Nonresident Plaintiffs were fraudulently joined due to the lack of personal jurisdiction over their claims; therefore, this case may be removed to this Court.

12. Plaintiff Jose Avila is, and at the time this action was filed was, a citizen of California. (Compl. ¶ 7.)

13. Plaintiff Hazel Benhamed-Masri is, and at the time this action was filed was, a citizen of California. (*Id.* ¶ 9.)

14. Plaintiff Alfredo Vega is, and at the time this action was filed was, a citizen of California. (*Id.* ¶ 21.)

15. Defendant Atrium Medical Corporation is, and at the time this action was filed was, a Delaware corporation with its principal place of business in New Hampshire. (*Id.* ¶ 23.)

16. The citizenship of fictitious defendants DOES 1-20 is disregarded for purposes of diversity. 28 U.S.C. § 1441(b)(1).

**The Voluntary-Involuntary Rule Does Not Preclude Removal Because New Hampshire Plaintiff Was Fraudulently Joined to Destroy Diversity**

17. Subject-matter jurisdiction over this action is proper because the Superior Court concluded that there is no personal jurisdiction over Atrium arising from the claims of the Nonresident Plaintiffs, including the New Hampshire plaintiff, which Atrium timely raised in its prior Notice of Removal.

18. Because there was no personal jurisdiction over the Nonresident Plaintiffs' claims in California and the New Hampshire plaintiff was fraudulently joined to this action to destroy diversity, the voluntary-involuntary rule does not apply and does not prevent removal.

19. *The Voluntary-Involuntary Rule.* Generally in California, "only a voluntary act of the plaintiff [can] bring about removal to federal court." *Membreno v. Goodyear Tire & Rubber Co.*, 2018 WL 4940803, at *2 (C.D. Cal. Oct. 11, 2018) (quoting *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978)). However, this rule does not apply where dismissed parties were fraudulently joined to defeat diversity. For example, in *Insinga v. La Bella*, the plaintiff brought suit against two resident and two nonresident defendants. 845 F.2d 249, 250 (11th Cir. 1988). The plaintiff voluntarily dismissed one resident and one non-resident defendant, *id.* at 250-51 & n.1, and the court granted summary judgment to the remaining resident defendant due to a lack of personal jurisdiction, *id.* at 251, 254. Because the remaining parties were completely diverse, the remaining non-resident defendant removed the case to federal court. *Id.* at 251. The court held that this removal was proper, and rejected the plaintiff's argument that it ran afoul of the voluntary-involuntary rule. *Id.* at 252, 254.

20. Since the U.S. Supreme Court's "seminal case" on the voluntary-involuntary rule "emphasized that [a] state court's dismissal of the remaining resident defendant [was involuntary because it] 'was a ruling on the merits, and not a ruling on the question of jurisdiction,'" the Eleventh Circuit explained that "the obvious implication is that, had the

state court dismissal been based on a finding of lack of jurisdiction over the resident defendant, the voluntary-involuntary rule would not have come into play." *Id.* at 254 (quoting *Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900)). Accordingly, the *Insinga* Court held that the "voluntary-involuntary rule d[id] not apply." *Id.* The Eleventh Circuit further explained that "a trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident defendant was never properly before the court," and would therefore act as an exception to the voluntary-involuntary rule. *Id.* at 254. Likewise, in *Menendez v. Bridgestone/Firestone, Inc.*, the United States District Court for the District of New Mexico held that a defendant was fraudulently joined where there was a lack of personal jurisdiction over the claims against that defendant. 2000 WL 36739602, at *2-4 (D.N.M. Oct. 17, 2000).

21.  While the voluntary-involuntary rule "is typically invoked by defendants alleging that a co-defendant was fraudulently added to destroy diversity . . . . district courts which have addressed the issue hold that the doctrine applies equally to fraudulently joined plaintiffs." *Eberspaecher N. Am., Inc. v. Van-Rob, Inc.*, 2007 WL 2332470, at *4 (E.D. Mich. Aug. 15, 2007). For example, in *In re Bard IVC Filters Prods. Liab. Litig.*, 2016 WL 6393595 (D. Ariz. Oct. 28, 2016), the defendants successfully argued that a plaintiff's claims were fraudulently joined to destroy complete diversity because plaintiffs could not establish personal jurisdiction over the defendants.

22.  Here, the New Hampshire plaintiff was fraudulently joined because of a lack of personal jurisdiction, and this conclusion is supported by the California Superior Court's determination that it lacked personal jurisdiction over the New Hampshire plaintiff and his claims. The only Original Plaintiffs with claims giving rise to personal jurisdiction over Atrium are the California Plaintiffs, who are completely diverse from Atrium.

23.  Because complete diversity exists between Atrium, which is a citizen of Delaware and New Hampshire, and the remaining Plaintiffs, who are citizens of California,

removal to federal court is proper. *Cf. In re Zofran (Ondansetron) Prods. Liab. Litig.*, 2016 WL 2349105, at *5 (D. Mass. May 4, 2016) (denying motion to remand).

**More Than $75,000 Is in Controversy**

24. Although the Complaint does not allege a specific amount of compensatory damages, it is apparent from the face of the complaint, and the serious injuries alleged, that the amount in controversy exceeds $75,000. Plaintiffs seek compensatory damages and allege that "[t]he polypropylene mesh caused Plaintiffs to suffer permanent injuries, substantial pain and suffering, emotional distress, medical expenses, lost wages and earning capacity, and diminished quality of life." (*See, e.g.*, Compl. ¶ 42.) Plaintiffs further allege that they "will continue to suffer such harm, damages and losses in the future." (*See, e.g.*, Compl. ¶ 53.)

25. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).[2] Where, as here, a plaintiff alleges serious bodily injuries, California federal courts have readily found that the amount-in-controversy requirement is satisfied, including in other product liability actions. *See, e.g.*, *Bryant v. Apotex, Inc.*, 2012 WL 5933042, at *3-4 (E.D. Cal. Nov. 27, 2012) (holding that amount-in-controversy requirement was met, although "complaint [did] not set forth a specific amount of damages," because plaintiff sought "compensatory damages for injuries and severe pain lasting six months, severe emotional distress, and punitive damages") (quotations omitted); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2-3 (E.D. Cal. Mar. 17, 2006) (holding that amount in controversy exceeded $75,000, and denying motion to remand, where plaintiffs asserted strict products liability, negligence, and breach of warranty claims and sought compensatory damages, including lost wages and loss of earning capacity, medical expenses, and general damages).

---

[2] Atrium does not, however, concede that Plaintiffs would be entitled to any of the relief sought in the Complaint.

26. Moreover, Plaintiffs seek punitive damages. (*See* Compl. ¶¶ 96-100.) In determining diversity jurisdiction, punitive damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Ross v. First Family Fin. Servs., Inc.*, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage[s] sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332.").

**The Other Statutory Requirements for Removal Are Met**

27. This removal is timely under 28 U.S.C. § 1446(b). On May 28, 2021, the Superior Court granted Atrium's Motion to Quash.

28. A copy of all process and pleadings served on Atrium are attached to this Notice of Removal as Exhibits 1 and 2.

29. Atrium has answered the Complaint as to only the California Plaintiffs in California Superior Court before removal. A copy of this responsive pleading filed in the Superior Court action is attached as Exhibit 3.

30. This Court constitutes the United States District Court covering the County of Los Angeles, where the state court action was filed. Accordingly, this Court is a proper venue for this action pursuant to 28 U.S.C. § 84(a).

31. Atrium is filing a written notice of this removal with the Clerk of the Superior Court in which the action was originally filed, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of this Notice of Removal, together with this Notice of Removal, is being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

32. Should any question arise about the propriety of the removal of this action, Atrium requests the opportunity to brief any disputed issue to the Court, and to present oral argument in support of its position that this action is properly removable.

33. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the right to assert any defense or affirmative matter including, without

limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper or inconvenient venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies); or (h) any other procedural or substantive defense available under state or federal law.

DATED: June 25, 2021

Respectfully Submitted,

DECHERT LLP

By: */s/ Jae Hong Lee*
Kimberly Branscome
Jay Bhimani
Jae Hong Lee
Allison Ozurovich

Attorneys for Defendant
ATRIUM MEDICAL CORPORATION